ORIGINAL

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* <br><br> **AFFILIATED MEDIA, INC.,** <br><br> Debtor. | Chapter 11 <br><br> Case No. 10-10202 (KJC) <br><br> RE: D.I. 4 |

## ORDER PURSUANT TO BANKRUPTCY RULE 1007 AND LOCAL RULE 1007-1 (I) EXTENDING THE TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES, SCHEDULES OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, LISTS OF EQUITY SECURITY HOLDERS, SCHEDULES OF CURRENT INCOME AND EXPENDITURES AND STATEMENTS OF FINANCIAL AFFAIRS AND (II) PERMANENTLY WAIVING THE REQUIREMENTS TO FILE THE SAME UPON CONFIRMATION OF THE PLAN

Upon the motion (the "Motion") of the above captioned debtor-in-possession (the "Debtor"), pursuant to Bankruptcy Rule[1] 1007 and Local Rule 1007-1, for the entry of an order (i) granting an extension of the time within which the Debtor may file its Schedules and Statements and (ii) permanently waiving the requirements to file such Schedules and Statements immediately upon confirmation of the Debtor's prepackaged plan of reorganization, all as more fully set forth in the Motion; and upon consideration of the Mayo Declaration; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the hearing to consider the relief requested herein (the "Hearing") having been provided to: (i) attorneys for the Debtor, Hughes

---

1. Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Hubbard & Reed LLP, One Battery Park Plaza, New York, NY 10004-1482, Attn.: Kathryn A. Coleman, Esq. and Eric J. Fromme, Esq.; (ii) the co-attorneys for the Debtor, Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 18th Floor, P.O. Box 1347, Wilmington, DE 19899-1347, Attn.: Derek C. Abbott, Esq. and Daniel B. Butz, Esq.; (iii) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801-3519; (iv) the attorneys for Bank of America, N.A., administrative agent under the Senior Credit Agreement, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017-3904, Attn.: John Fouhey, Esq. and Damian S. Schaible, Esq.; (v) the co-attorneys for Bank of America, N.A., administrative agent under the Senior Credit Agreement, Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801, Attn.: Mark D. Collins, Esq.; (vi) The Bank of New York Mellon Trust Company, N.A., as Indenture Trustee under each of the Indentures, 700 South Flower Street, Suite 500, Los Angeles, CA 90017-4101, Attn.: Raymond Torres; (vii) those parties listed on the list of creditors holding the twenty (20) largest unsecured claims against the Debtor, as identified in its chapter 11 petition; and (viii) any persons who have filed a request for notice in this chapter 11 case pursuant to Bankruptcy Rule 2002 (the "Notice Parties") and no further notice being necessary; and the legal and factual bases set forth in the Motion establishing just and sufficient cause to grant the relief requested therein; and the relief granted herein being in the best interests of the Debtor, its estate, creditors, and all parties in interest; and the Court having held the Hearing with the appearances of interested parties noted in the record of the Hearing; and no objection to the Motion having been filed or made at the Hearing on the Motion; and upon all of the proceedings before the Court, the Court hereby ORDERS that:

    1.    The Motion is GRANTED; and it is further

2. ORDERED that the time within which the Debtor must file its Schedules and Statements required by Bankruptcy Rule 1007 is extended for an additional period of sixty (60) days beyond the thirty (30) day extension provided under Local Rule 1007-1 to April 22, 2010 (the "Filing Deadline"); and it is further

3. ORDERED that such extension is without prejudice to the Debtor's right to request a further extension of time within which to file the Schedules and Statements, and upon the consent of the U.S. Trustee and submission of a certification of counsel, an extension may be granted without further motion practice on this subject in this chapter 11 case; and it is further

4. ORDERED that in the event that the Debtor's prepackaged plan of reorganization is confirmed prior to the Filing Deadline (as such date may hereafter be extended), the requirement that the Debtor file its Schedules and Statements shall be permanently waived without further order of this Court; and it is further

5. ORDERED that notwithstanding any possible applicability of Bankruptcy Rules 6004(h), 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

6. ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: January 26, 2010
Wilmington, Delaware

THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE