ORIGINAL

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re*<br><br>**AFFILIATED MEDIA, INC.,**<br><br>Debtor. | Chapter 11<br><br>Case No. 10-10202 (KJC)<br><br>RE: D.I. 8 |

## ORDER PURSUANT TO 11 U.S.C. §§ 105, 363, 503(b)(9), 1107 AND 1108, AND FED. R. BANKR. P. 6003 AUTHORIZING PAYMENT OF ORDINARY COURSE CLAIMS IN THE ORDINARY COURSE OF BUSINESS

Upon the motion (the "Motion")[1] of the debtor in the above-captioned chapter 11 case (the "Debtor") for the entry of an order (the "Order"), pursuant to sections 105, 363, 503(b)(9), 1107 and 1108 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing, but not directing, the payment of Ordinary Course Claims of the Vendors in the ordinary course of business; and the Court having reviewed the Motion and the *Declaration of Ronald A. Mayo, Vice President and Chief Financial Officer of Affiliated Media, Inc., in Support of First Day Relief*; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and due and proper notice of the hearing to consider the relief requested herein (the "Hearing") having been provided to: (i) attorneys for the Debtor, Hughes Hubbard & Reed LLP, One Battery Park Plaza, New York, NY 10004-1482, Attn.: Kathryn A. Coleman, Esq. and Eric J. Fromme, Esq.; (ii) the co-attorneys for

---

1. Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

the Debtor, Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 18th Floor, P.O. Box 1347, Wilmington, DE 19899-1347, Attn.: Derek C. Abbott, Esq. and Daniel B. Butz, Esq.; (iii) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801-3519; (iv) the attorneys for Bank of America, N.A., administrative agent under the Senior Credit Agreement, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017-3904, Attn.: John Fouhey, Esq. and Damian S. Schaible, Esq.; (v) the co-attorneys for Bank of America, N.A., administrative agent under the Senior Credit Agreement, Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801, Attn.: Mark D. Collins, Esq.; (vi) The Bank of New York Mellon Trust Company, N.A., as Indenture Trustee under each of the Indentures, 700 South Flower Street, Suite 500, Los Angeles, CA 90017-4101, Attn.: Raymond Torres; (vii) those parties listed on the list of creditors holding the twenty (20) largest unsecured claims against the Debtor, as identified in its chapter 11 petition; and (viii) any persons who have filed a request for notice in this chapter 11 case pursuant to Bankruptcy Rule 2002 (the "Notice Parties") and no further notice being necessary; and the legal and factual bases set forth in the Motion establishing just and sufficient cause to grant the relief requested therein; and the relief granted herein being in the best interests of the Debtor, its estate, creditors, and all parties in interest; and the Court having held the Hearing with the appearances of interested parties noted in the record of the Hearing; and no objection to the Motion having been filed or made at the Hearing on the Motion; and upon all of the proceedings before the Court, the Court hereby ORDERS that:

1. The Motion is GRANTED as set forth in this Order.

2. The Debtor is authorized, but not directed, to pay, in the ordinary course of business, Ordinary Course Claims up to the aggregate amount of $600,000 per month and $3

million in the aggregate, as the same become due and payable, on the following terms and conditions:

- a. The Debtor, in its sole discretion, subject to the terms set forth below, shall determine which Ordinary Course Claims, if any, will be paid pursuant to this Order;

- b. If a creditor agrees to payment under this Order, such creditor is deemed to have agreed to continue to provide goods and/or services to the Debtor, on terms that are as good as or better than the terms and conditions (including credit terms) that existed one hundred and twenty (120) days prior to the Petition Date (the "Customary Terms"), during the pendency of this chapter 11 case;

- c. In the event that the relationship between a creditor accepting payment under this Order and the Debtor does not extend to one hundred and twenty (120) days before the Petition Date, the Customary Terms shall mean the terms that the creditor generally extends to its customers or such terms as are acceptable to the Debtor in the reasonable exercise of its business judgment;

- d. If a creditor accepts payment under this Order and thereafter does not continue to provide goods and/or services on at least the Customary Terms during the pendency of this chapter 11 case, then (i) any payment on a pre-petition claim received by such creditor shall be deemed to be an unauthorized voidable post-petition transfer under Bankruptcy Code section 549 and, therefore, recoverable by the Debtor in cash upon written request, and (ii) upon recovery by the Debtor, any such pre-petition claim shall be reinstated as if the payment had not been made;

- e. If the Debtor seeks to recover a payment from a creditor because the creditor does not continue to provide goods and/or services to the Debtor on at least the Customary Terms during the pendency of this chapter 11 case, the creditor may contest such action by making a written request (a "Request") to the Debtor to schedule a hearing before this Court. If such a Request is made, the Debtor shall provide notice of a hearing on such Request to the creditor making the Request and other interested parties in accordance with the Bankruptcy Code and the orders of this Court; and

- f. Prior to making a payment under this Order, the Debtor may, in its absolute discretion, settle all or some of the pre-petition claims of such creditor for less than their face amount without further notice or hearing.

3. Unless the Prepackaged Plan has been confirmed on or before the date that is sixty (60) days after the Petition Date, the Debtor shall provide a written report listing the total amount of payments made under this Order in the first sixty (60) days after this case to (i) any statutory committee appointed in this case, (ii) the United States Trustee, and (iii) Davis Polk & Wardwell LLP as attorneys for Bank of America, N.A., as administrative agent, under the Senior Credit Agreement.

4. All banks and other financial institutions are hereby directed to receive, process, honor and pay any and all checks presented for payment and electronic transfer requests made by the Debtor related to the payment of the obligations described in the Motion and approved herein, whether such checks were presented or electronic transfer requests were submitted before, or are presented or submitted after, the Petition Date, to the extent funds are available in the Debtor's account. All such banks and financial institutions are further directed to rely on the Debtor's designation of any particular check or electronic payment request as approved pursuant to this Order.

5. The Debtor is authorized to reissue any check or electronic payment that originally was given in payment of any pre-petition amount authorized to be paid under this Order and is not cleared by the applicable bank or other financial institution.

6. Neither the provisions contained herein, nor any actions or payments made by the Debtor pursuant to this Order, shall be deemed an assumption or adoption of any policy, program, practice, contract, or agreement, or shall otherwise affect the Debtor's rights under Bankruptcy Code section 365 to assume or reject any executory contract or unexpired lease.

7. Nothing in the Motion or this Order, nor the Debtor's payment of claims pursuant to this Order, shall be deemed or construed: as an admission as to the validity of any

claim or underlying obligation, or a waiver of the rights of the Debtor or any other party in interest to subsequently dispute any such claim or obligation on any ground that applicable law permits.

8. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion.

9. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. The Debtor is authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order.

11. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: January 26, 2010
Wilmington, Delaware

THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE