# EXHIBIT B

Retention Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* <br><br> **AFFILIATED MEDIA, INC.,** <br><br> Debtor. | Chapter 11 <br><br> Case No. 10-10202 (KJC) <br><br> RE: D.I. 73, 124 |

**ORDER PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2014(a) AND 2016 AND LOCAL RULES 2014-1 AND 2016-1 AUTHORIZING THE EMPLOYMENT AND RETENTION OF ROTHSCHILD INC. AS FINANCIAL ADVISOR AND INVESTMENT BANKER TO THE DEBTOR *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the application (the "Application"), dated January 29, 2010 of the Debtor,[1] pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016 and Local Rules 2014-1 and 2016-1, for authority to retain and employ Rothschild Inc. ("Rothschild") for the purpose of providing financial advisory and investment banking services to the Debtor in connection with its chapter 11 case, in accordance with the terms of the Engagement Letter, all as more fully set forth in the Application and upon consideration of the Resnick Declaration; and the Court having found that the Application and the Resnick Declaration are in full compliance with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules; and the Court being satisfied, based on the representations made in the Application and the Resnick Declaration, that Rothschild is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and represents no interest adverse to the Debtor's estate with respect to the matters upon which it is to be engaged; and the Court having found that

---

1. All capitalized terms used but not otherwise defined herein shall the meanings ascribed to them in the Application.

the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and due and proper notice of the hearing to consider the relief requested herein (the "Hearing") having been provided to: (i) attorneys for the Debtor, Hughes Hubbard & Reed LLP, One Battery Park Plaza, New York, NY 10004-1482, Attn.: Kathryn A. Coleman, Esq. and Eric J. Fromme, Esq.; (ii) the co-attorneys for the Debtor, Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 18th Floor, P.O. Box 1347, Wilmington, DE 19899-1347, Attn.: Derek C. Abbott, Esq. and Daniel B. Butz, Esq.; (iii) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801-3519; (iv) the attorneys for Bank of America, N.A., administrative agent under the Senior Credit Agreement, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017-3904, Attn.: John Fouhey, Esq. and Damian S. Schaible, Esq.; (v) the co-attorneys for Bank of America, N.A., administrative agent under the Senior Credit Agreement, Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801, Attn.: Mark D. Collins, Esq.; (vi) The Bank of New York Mellon Trust Company, N.A., as Indenture Trustee under each of the Indentures, 700 South Flower Street, Suite 500, Los Angeles, CA 90017-4101, Attn.: Raymond Torres; (vii) those parties listed on the list of creditors holding the twenty (20) largest unsecured claims against the Debtor, as identified in its chapter 11 petition; and (viii) any persons who have filed a request for notice in this chapter 11 case pursuant to Bankruptcy Rule 2002 (the "Notice Parties") and no further notice being necessary; and the legal and factual bases set forth in the

Application establishing just and sufficient cause to grant the relief requested therein; and the relief granted herein being in the best interests of the Debtor, its estate, creditors, and all parties in interest; and the Court having found that the terms and conditions of Rothschild's employment, including the compensation structure set forth in the Engagement Letter are reasonable as required by section 328(a) of the Bankruptcy Code; and the Court having held the Hearing with the appearances of interested parties noted in the record of the Hearing; and no objection to the Application having been filed or made at the Hearing on the Application; and upon all of the proceedings before the Court, the Court hereby ORDERS that:

1. The Application is approved and GRANTED as set forth herein in its entirety *nunc pro tunc* to the Petition Date.

2. Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014, the Debtor is authorized to employ and retain Rothschild as its financial advisor and investment banker in the Debtor's chapter 11 case in accordance with the terms and conditions set forth in the Application and the Engagement Letter, which is attached hereto and incorporated by reference herein.

3. The terms of Rothschild's Engagement Letter are approved and Rothschild shall be compensated and reimbursed pursuant to section 328(a) of the Bankruptcy Code in accordance with the terms of the Engagement Letter, subject to the procedures set forth in the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules, and any other applicable orders of this Court.

4. Rothschild shall file fee applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code, *provided, however* the fee applications filed by Rothschild

3

60902766_1.DOC

shall be subject to review only pursuant to the standard of review set forth in section 328 of the Bankruptcy Code and not subject to the standard of review set forth in section 330 of the Bankruptcy Code.

5. Notwithstanding the preceding paragraph of this Order and any provision to the contrary in this Order, the Application or the Engagement Letter, the United States Trustee ("U.S. Trustee") shall have the right to object to Rothschild's request(s) for interim and final compensation and reimbursement based on the reasonableness standard provided in section 330 of the Bankruptcy Code, not section 328(a) of the Bankruptcy Code. This Order and the record relating to the Court's consideration of the Application shall not prejudice or otherwise affect the rights of the U.S. Trustee to challenge the reasonableness of Rothschild's fees under the standard set forth in the preceding sentence. Accordingly, nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of Rothschild's fees.

6. If after the date hereof any non-debtor affiliate of the Debtor subsequently retains Rothschild in this chapter 11 case, Rothschild will be required to be a "disinterested person" (as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code) with respect to such entity.

7. The terms of the Application, as well as the terms of this Order, shall apply to any and all affiliates of the Debtor that have not yet filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code as of the Petition Date, but which subsequently file such a petition during the pendency of AMI's chapter 11 case.

4

60902766_1.DOC

8. The indemnification provisions included in the Engagement Letter, including **Exhibit "A"** thereto, and incorporated by reference herein, are approved, subject to the following:

   a. Rothschild shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letter for services, unless such services and the indemnification, contribution or reimbursement therefore are approved by the Court;

   b. The Debtor shall have no obligation to indemnify Rothschild, or provide contribution or reimbursement to Rothschild, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Rothschild's gross negligence, willful misconduct, breach of fiduciary duty, if any, bad faith, or self-dealing; (ii) for a contractual dispute in which the Debtor alleges the breach of Rothschild's contractual obligations unless the Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to *In re United Artists Theatre Co., et al.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to Rothschild's gross negligence, willful misconduct, breach of fiduciary duty, or bad faith or self-dealing but determined by this Court, after notice and a hearing to be a claim or expense for which Rothschild should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter as modified by this Order; and

   c. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in this case (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing this chapter 11 case, Rothschild believes that it is entitled to the payment of any amounts by the Debtor on account of the Debtor's indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including without limitation the advancement of defense costs, Rothschild must file an application therefore in this Court, and the Debtor may not pay any such amounts to Rothschild before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Rothschild for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtor's obligation to indemnify Rothschild. All parties in interest shall retain the right to object to any demand by Rothschild for indemnification, contribution or reimbursement.

5

60902766_1.DOC

9. To the extent requested in the Application, Rothschild is granted a waiver of the information requirements relating to compensation requests set forth in Local Rule 2016-(d).

10. In addition to compensation for professional services rendered by Rothschild, pursuant to the terms of the Engagement Letter, Rothschild is entitled to reimbursement by the Debtor for reasonable expenses incurred in connection with the performance of its engagement under the Engagement Letter, including, without limitation, the fees, disbursements and other charges of Rothschild's counsel (which counsel shall not be required to be retained pursuant to section 327 of the Bankruptcy Code or otherwise).

11. That, notwithstanding the possible applicability of Bankruptcy Rules 6004(g), 7062, or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. The relief granted herein shall be binding upon any chapter 11 trustee appointed in this chapter 11 case, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of this chapter 11 case to a case under chapter 7.

13. To the extent that there may be any inconsistency between the Engagement Letter, the Application, and this Order, the terms of this Order shall govern.

14. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of the Engagement Letter, the Application, and this Order.

15. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

6

Dated: March V, 2010
Wilmington, Delaware

_____
THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

7